```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KAREEM TILLMAN,

                        Plaintiff,                    ORDER

        -against-                                     14-CV-105 (NGG) (JO)

LURAY'S TRAVEL,

                        Defendant.
-----------------------------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Kareem Tillman brought this action against Defendant Luray's Travel ("Luray") for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (See Compl. (Dkt. 1).) Both parties moved for summary judgment. (See, Pl.'s Mot. for Summ. J. (Dkt. 26); Def.'s Mot. for Summ. J. (Dkt. 28).) On September 30, 2015, the court denied Tillman's motion for summary judgment motion in full, and granted in part and denied in part Luray's motion for summary judgment. (Mem. & Order (Dkt. 44).) Following the summary judgment decision, only Tillman's FLSA overtime claim remained. (Id.) On October 23, 2015, the parties attended a settlement conference before Magistrate Judge James Orenstein, where they resolved the lone remaining claim. (See Oct. 23, 2015, Min. Entry (Dkt. 45).) Judge Orenstein thereafter issued a Report and Recommendation ("R&R") recommending that the on-the-record settlement be approved. (Oct. 23, 2015, R&R.) On November 18, 2015, the parties filed a joint stipulation of dismissal. (Stip. of Dismissal (Dkt. 46).) By Order, dated that same day, the court noted that under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), it could not so-order the proposed stipulated dismissal until it completed its review of the proposed settlement. (Nov. 18, 2015,

Order.) On November 19, 2015, the transcript of the October 23, 2015, status conference was docketed, allowing the court to review the terms of the settlement and Judge Orenstein's R&R. (Oct. 23, 2015, Tr. ("Tr.") (Dkt. 47).)

No party has objected to Judge Orenstein's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). For the reasons stated below, the R&R is ADOPTED IN PART and MODIFIED IN PART.

The FLSA places "strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver." Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Accordingly, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks, 796 F.3d at 206; Boucaud v. City of New York, No. 07-CV-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010). The court must "scrutiniz[e] the settlement for fairness." Boucaud, 2010 WL 4813784, at *1 (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982)). The court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Mosquera, 2011 WL 282327, at *1 (quoting Le, 2008 WL 724155, at *1); see also Khait v. Whirlpool Corp., No. 06-CV-6381 (ALC), 2010 WL 2025106, at *7 (E.D.N.Y. Jan. 20, 2010). Even when publicly filed, a settlement agreement that includes a confidentiality provision barring the parties from further describing the litigation

2

or settlement in other fora "runs afoul of the purposes of the FLSA and the 'public's independent interest in assuring that employees' wages are fair.'" Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (quoting Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003)); see also, e.g., Moreno v. Nassau Country Club, No. 12-CV-5324 (DRH) (AKT), 2013 WL 5788730, at *2-3 (E.D.N.Y. Sept. 26, 2013).

The court finds no clear error with Judge Orenstein's recommendation that the substantive terms of the settlement be approved. When reviewing an FLSA settlement that does not involve a certified class, such as here, the court typically examines the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation. See Peralta v. Allied Contracting II Corp., No. 09-CV-953 (NGG) (RER), 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011) (report and recommendation) (citing Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377 (KAM), 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010)), adopted, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011). The court should also consider whether the settlement is the result of an arm's length negotiation conducted in good faith by counsel with significant experience litigating wage-and-hour suits. See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).

A consideration of the relevant factors indicates that, with the exception of the confidentiality provision addressed below, the settlement is a fair and reasonable resolution of Plaintiff's claim. Under the terms of the settlement agreement described on the record,

3

Defendant will pay a total of $5,000 to Plaintiff in exchange for a release of Plaintiff's FLSA claim. (Tr. at 11:12-23.) Given the serious risks to Plaintiff with respect to establishing liability and damages (see id. at 5:22-6:2 (Defendant contests compensable time), 7:4-6 (indicating that Defendant believes Plaintiff, at maximum, worked seventy hours of unpaid overtime)), the recovery here is a reasonable resolution.

There is one significant issue, however, with the on-the-record settlement agreement. The settlement requires that "[t]he parties also agree to be bound by an agreement of confidentiality and nondisparagement. So neither party is going to reveal the terms of the agreement or speak negatively about the opposing party to anyone else." (Id. at 11:13-17.) This provision runs afoul of the FLSA's public disclosure requirements. See, e.g., Camacho, 2015 WL 129723, at *2; Mamani v. Licetti, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *3-4 (S.D.N.Y. July 2, 2014); Moreno, 2013 WL 5788730, at *2-3; Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 341 (S.D.N.Y. 2012); Curasi v. Hub Enters., Inc., No. 11-CV-2620 (JS) (GRB), 2012 WL 728491, at *3 (E.D.N.Y. Mar. 5, 2012). "[P]arties must make a substantial showing of a need for the terms of their settlement to contain a confidentiality provision to overcome the factors weighing in favor of public access." Moreno, 2013 WL 5788730, at *2 (quoting Mosquera, 2011 WL 282327, at *2). The parties have articulated no reason to keep their settlement confidential.

Thus, although the court finds that the terms of the settlement agreement are generally fair and reasonable, the court cannot fully adopt the R&R. Rather, because the settlement agreement in its current form contains an improper confidentiality provision, the parties are DIRECTED, by December 21, 2015, either to (1) file a revised settlement agreement without a confidentiality provision, (2) file a renewed request for settlement approval with a detailed

explanation for the proposition that the need for confidentiality in this case is sufficient to overcome the presumption of public access, or (3) inform the court that they intend to move forward with trying the FLSA claim.

SO ORDERED.

                                                                                                               s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                       NICHOLAS G. GARAUFIS
       November 19, 2015                                            United States District Judge