UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KAREEM TILLMAN,

                           Plaintiff,

-against-

LURAY'S TRAVEL,

                           Defendants.
-----------------------------------------------------------x

Docket No.: 14-cv-105
(NGG)(JO)

(Garaufis, J.)
(Orenstein, M.J.)

**SETTLEMENT AGREEMENT AND RELEASE**

**WHEREAS**, an action having been filed by the plaintiff in the United States District Court for the Eastern District of New York, and presently pending under Docket No. 14-cv-105 (NGG)(JO), and

**WHEREAS** an appearance having been entered on behalf of the defendant Luray's Travel Ltd. s/h/a Luray's Travel (hereinafter "Luray's"), by service of an Answer by the law firm of Sclar Adler LLP, and

**WHEREAS** the parties to this action, having come before the Court, and desirous of settling this action, and resolving all issues raised in this action, and to formalize the terms of their agreement in this Settlement Agreement and Release (hereinafter "the Agreement"),

**THEREFORE**, the undersigned parties to the action, with the consent and full authority of their principals, where applicable, stipulate and agree as follows:

    1.    <u>Consideration</u>: Luray's agrees to pay to the plaintiff, and the plaintiff has agreed to accept, a sum certain in full satisfaction and settlement of plaintiff's claims and causes of action. Payment of the settlement has been made to plaintiff by Luray's.

2. <u>General Release:</u> In exchange for the good and valuable consideration referenced in paragraph 1 above, plaintiff, as Releasor, releases and discharges Luray's, along with its respective directors, officers, employees, agents, parents, subsidiaries, affiliates, successors and assigns, (collectively, the "Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever in law, admiralty or equity which, against the Releasees, the Releasor, Releasor's heirs, executors, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release.

3. <u>Promotion of Other Claims or Actions:</u> Plaintiff agrees that he will not promote, incite, suggest, assist or stimulate interest in, whether orally or in writing, the assertion of any claim, or the filing of any lawsuit, by anyone against Releasees.

4. <u>Non-Disparagement.</u> Each party to this Agreement represents that they will not (i) make any statement that impugns the integrity, business reputation, competence, character, honesty, or past conduct of any other party or that any party continues to harbor any hostility or bad feelings against any other party, or (ii) state or imply that this settlement represents a complete or partial victory or defeat of any party or that any money was paid or not paid by any party to any other party as part of the settlement. For purposes of this paragraph, the term "party" includes officers, employees, spouses, attorneys and agents of any party.

5. <u>No Admission of Liability.</u> Neither this Agreement, nor the fact of its execution, shall constitute any admission or acknowledgment of liability or wrongdoing on the part of any party hereto. No party shall offer this Agreement or the fact of its execution into

evidence in any proceeding other than a proceeding to enforce this Agreement or any of its terms.

6. <u>Recourse</u>: Any breach of any of the provisions of this Agreement shall be considered a material breach of this Agreement. The parties agree that, due to the difficulties in calculating the damages that might be sustained (directly or indirectly) as a result of such breach, the non-breaching party shall be entitled to injunctive relief, that such relief is not necessary because of the adequacy of money damages. The availability of an injunctive remedy shall not preclude the non-breaching party from seeking any other appropriate relief. Each party also agrees to pay the other party's attorneys' fees and costs incurred in any action that is successful in enforcing this provision of this Agreement provided that the breach was committed by a party to this Agreement. Further, each party agrees to indemnify and reimburse the other party for any and all damages (to the extent not cured by injunctive relief under this provision) incurred directly or indirectly as a result of the breaching party's breach of this provision.

7. <u>Stipulation of Dismissal</u>: The parties agree to execute, concurrently herewith, a Stipulation of Dismissal with Prejudice, which Stipulation, when fully executed, shall be filed with the Clerk of the Court, United States District Court for the Eastern District of New York, without further notice to any party.

8. <u>Severability</u>: In the event that any of the provisions of this Agreement, or the application of any such provisions to the parties hereto with respect to obligations hereunder, is held to be unlawful or unenforceable by any court, the remaining portions of this Agreement shall remain in full force and effect and shall not be invalidated or impaired in any manner.

9. <u>Waiver</u>: No waiver by any party hereto of the breach of any term contained in this Agreement, whether by conduct or otherwise, in any one or more instances,

shall be deemed to be, or construed as, a further or continuing waiver of any such breach, or a waiver of any other term or covenant contained in this Agreement.

10. **Counterparts:** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, and such counterparts shall together constitute but one agreement.

Whenever the text hereof requires the use of singular text it shall include the appropriate plural number as the text of this Agreement may require.

This Agreement may not be changed orally.

**IN WITNESS WHEREOF**, the parties have hereunto set their hand and seal the 12th day of January, 2016.

_____
KAREEM TILLMAN
Plaintiff *Pro Se*

SCLAR ADLER LLP
By: _____
Martin M. Adler, Esq.
Attorneys for Defendant
LURAY'S TRAVEL LTD. s/h/a
LURAY'S TRAVEL
120 W. 45th Street, Suite 605
New York, NY 10036